JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
George Mousa Mufarreh

### DEFENDANTS
TBF Financial, LLC Cannon Law Associates, Kaggabe Inc. and Celtic Bank Corporations

**(b)** County of Residence of First Listed Plaintiff: **Wayne**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Wayne**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Rubinstein Law Firm, Jan Jeffrey Rubinstein (P57937)
30150 Telegraph Rd., Ste 444
Bingham Farms, MI 48025 (248) 220-1415

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act |  | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 USC 1692

Brief description of cause:
Consumer Credit, Fair Debt Collection Practices

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 3/6/17
SIGNATURE OF ATTORNEY OF RECORD: [signature]  P57937

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE MOUSA MUFARREH,
an Individual,

      Plaintiff,

- vs -

TBF FINANCIAL, LLC.,
a Michigan limited liability company;
CANNON LAW ASSOCIATES,
a Utah Professional limited liability company;
KABBAGE, INC.,
a Foreign corporation; and
CELTIC BANK CORPORATION,
a Utah Corporation,

      Defendants.

Case No.:    CZ

---

| THE RUBINSTEIN LAW FIRM | CANNON LAW ASSOCIATES |
|---|---|
| Jan Jeffrey Rubinstein (P57937) | Spencer B. Lythgoe #11921 |
| Ryan P. Richardville (P77335) | Attorney for Defendant, TBF |
| Attorneys for Plaintiff | 8619 S. Sandy Pkwy., Ste. 111 |
| 30150 Telegraph Rd., Ste. 444 | Sandy, UT 84070 |
| Bingham Farms, MI 48025 | (801) 255-7475 |
| (248) 220-1415 | |

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, GEORGE MOUSA MUFARREH, by and through its attorneys, THE RUBINSTEIN LAW FIRM, and for his Complaint and Jury Demand, states as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692 et seq., and the Michigan Collection Practices Act (State Act), MCL 339.901 et seq., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

1

2. Plaintiff also brings claims under the Michigan Consumer Protection Act (MCPA), MCL 445.901 et seq., and common law negligence for the improper conduct engaged in by Defendants.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 USC 1692k(d) and 28 USC 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 USC 1367.

4. Plaintiff, GEORGE MOUSA MUFARREH, is an individual residing at 21630 Beechcrest St., Dearborn Heights, MI 48127.

5. Defendant, TBF FINANCIAL, LLC is a Foreign limited liability company, with a registered office address at 740 Waukegan Road, Suite 404 Deerfield, IL 60015 and operates throughout the United States, including Wayne County, MI.

6. Defendant, CANNON LAW ASSOCIATES, is a Utah Professional Corporation that is principally engaged in the business of collecting debts, with its principal place of business at 8619 S. Sandy Pkwy., Ste. 111 Sandy, UT 84070.

7. Defendant, KABBAGE, INC. is Foreign corporation with a registered office address of P.O. Box 77081 Atlanta, GA 33057 and operates throughout the United States, including Wayne County, MI.

8. Defendant, CELTIC BANK CORPORATION, is a Utah corporation with a registered office address of 268 S. State St., Ste. 300 Salt Lake City, Utah 84111 and operates throughout the United States, including Wayne County, MI.

9. The events giving rise to this cause of action arose in the County of Wayne, State of Michigan.

10. The amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00).

11. Venue is properly laid in this Court.

### FACTUAL ALLEGATIONS

12. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

13. Defendants, TBF FINANCIAL, LLC, KABBAGE INC., and CELTIC BANK CORPORATION, by and through its counsel, CANNON LAW ASSOCIATES, initiated collection proceedings against Plaintiff, GEORGE MOUSA MUFARREH, for a balance allegedly due pursuant to a business loan.

14. In the course of its collection efforts, all Defendants have failed to respond to Plaintiff's repeated requests, both orally and in writing, for a full account statement history.

15. All Defendants have also failed to provide a copy of the agreement at issue in this matter fully depicting the wet note signature of the alleged debtor.

16. In the course of its collection efforts, all Defendants have failed to respond to Plaintiff's repeated requests, both orally and in writing, for a proper verification of the alleged debt, nor a valid assignment of the alleged debt.

17. Defendants' refusal to provide the agreement in a timely manner was intended to deprive Plaintiff, GEORGE MOUSA MUFARREH, of his rights under the contract, including the right to elect to have any action heard through arbitration as opposed to the courts.

18. As a result of Defendants' actions and inactions, Plaintiff, GEORGE MOUSA MUFARREH, was improperly sued in his personal capacity for a commercial business loan of which Plaintiff operates.

19. As a result of the improper attempts to collect an alleged debt, Plaintiff has suffered

3

from the improper reporting to credit bureaus for this alleged debt in his personal capacity.

## COUNT I - VIOLATIONS OF THE FDCPA AGAINST ALL DEFENDANTS

20. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

21. Defendants have violated the FDCPA. The violations by the Defendants, include, but are not limited to, the following:

   a. Failure to send a written debt validation notice [15 USC 1692g] § 809(a);

   b. Ignoring written requests to verify the debt and continuing attempts to collect [15 USC 1692g] § 809(b);

   c. Continued attempts to collect on alleged debts before providing verification [15 USC 1692g] § 809(b);

   d. Continued collection attempts after receiving a cease communication notice [15 USC 1692c] § 805(c);

   e. Demanding payment in amounts that are in excess of amounts actually owed [15 USC 1692e] § 807(2)(a);

   f. Demanding payment on interest, fees and expenses prohibited by law [15 USC 1692f] § 808(1);

   g. Threatening action that is prohibited by law [15 USC 1692e] § 807(5);

   h. Illegally informing third-parties of the alleged debts [15 USC 1692e] § 805(b);

   i. Making material misrepresentations regarding the alleged debt [15 USC 1692e] § 807(b); and

   j. Failed to identify themselves as a debt collector during their attempts to

4

collect on the debt 15 USC 1692e] § 807(11).

22. As a result of Defendants' violations of the FDCPA, Plaintiff suffered actual damages and is also entitled to an award of statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff, GEORGE MOUSA MUFARREH, respectfully requests that this Honorable Court enter judgment against Defendants, TBF FINANCIAL, LLC, CANNON LAW ASSOCIATES, KABBAGE, INC., and CELTIC BANK CORPORATION jointly and severally, as follows:

   a. Actual damages and statutory damages of $1,000 pursuant to the FDCPA;
   b. Treble damages or $150, whichever is greater, pursuant to the Michigan Collection Practices Act;
   c. Costs and reasonable attorney fees pursuant to 15 USC 1692k and MCL § 339.916(2).

## COUNT II – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

23. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.
24. Defendants violated the Michigan Collection Practices Act. Defendants' violations include, but are not limited to, the following:
   a. Communicating with a Plaintiff in a misleading and deceptive manner [MCL § 445.252(a)];
   b. Making inaccurate, misleading, untrue and deceptive statements and claims in communications to collect a debt [MCL § 445.252(e)];
   c. Making material misrepresentations in a communication regarding an alleged debtor [MCL § 445.252(f)];
   d. Communicating with Plaintiff without disclosing their identity as a debt

    collector [MCL § 445.252(g)];

 e. Using a harassing, oppressive, or abusive method to collect a debt [MCL § 445.252(n)]; and

 f. Failing to implement a procedure designed to prevent a violation by an employee [MCL § 445.252(q)].

25. As a result of Defendants' willful violations of the Michigan Collection Practices Act, Plaintiff suffered actual damages, and is entitled to an award of treble damages, statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff, GEORGE MOUSA MUFARREH, respectfully requests that this Honorable Court enter judgment against Defendants, TBF FINANCIAL, LLC, CANNON LAW ASSOCIATES, KABBAGE, INC., and CELTIC BANK CORPORATION, jointly and severally, as follows:

 a. Actual damages and statutory damages of $1,000 pursuant to the FDCPA;

 b. Treble damages or $150, whichever is greater, pursuant to the Michigan Collection Practices Act;

 c. Costs and reasonable attorney fees pursuant to 15 USC 1692k and MCL § 339.916(2).

### COUNT III – VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS

26. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

27. Defendants violated 15 USC 1681e(b) by failing to establish or to follow reasonable procedures to ensure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff, GEORGE MOUSA MUFARREH.

28. Defendants violated 15 USC 1681i by failing to delete inaccurate information in

Plaintiff's credit file acter receiving actual notice of the inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the furnisher at issue; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying on verification from an unknown, unreliable source.

29. Defendants' conduct, actions, and inactions were willful, rendering it liable for punitive damages in an amount to be determined by this Court and pursuant to 15 USC 1681n. In the alternative, Defendants' were negligent, entitling Plaintiff to a recovery pursuant to 15 USC 1681o.

30. Plaintiff is entitled to recover costs and attorney fees from Defendants in an amount to be determined by this Court and pursuant to 15 USC 1681n and/or 15 USC 1681o.

WHEREFORE, Plaintiff, GEORGE MOUSA MUFARREH, respectfully requests that this Honorable Court enter judgment against Defendants, TBF FINANCIAL, LLC, CANNON LAW ASSOCIATES, KABBAGE, INC., and CELTIC BANK CORPORATION, jointly and severally, for compensatory and punitive damages, costs and reasonable attorney fees, prejudgment and postjudgment interest at the legal rate, and punitive damages in an amount determined by this Court, and any other such relief that this Court deems necessary and just.

## COUNT IV – NEGLIGENT HIRING/SUPERVISION AGAINST ALL DEFENDANTS

31. Plaintiff incorporates by reference paragraphs one through twenty-one.

32. The Defendants owed to the Plaintiff the duty to exercise reasonable care in employing and/or contracting with employees, agents and/or attorneys for debt collection purposes.

33. The Defendant, CANNON LAW ASSOCIATES, breached their duty and were negligent. Defendant's negligence included, but is not limited to the following acts and omissions:

    i. Communicating with a Plaintiff in a misleading and deceptive manner;
    ii. For failing to provide adequate job supervision and job training;
    iii. For using inadequate work methods;
    iv. Intentionally and/or negligently failing to adhere to the contract's arbitration provisions;
    v. Intentionally and/or negligently failing to provide a valid assignment of any alleged debt, a proper assignment of the alleged debt, and a copy of the contract bearing a wet mark signature of Plaintiff from which the alleged debt arises

34. The Defendants, TBF FINANCIAL, LLC, CANNON LAW ASSOCIATES, KABBAGE, INC., and CELTIC BANK CORPORATION breached their duties and were negligent. Defendants' negligence included but is not limited to the following acts and omissions:

    a. Primary negligence:
    vi. They failed to select, employ, and retain in its service a careful or competent debt collectors;
    vii. They failed to warn the Plaintiff of the unreasonable and intrusive methods debt collection utilized by its debt collection agents;
    viii. They failed to provide, or require, a compliance program to prevent violations of the FDCPA, MCPA; and

    ix. They gave ambiguous orders and acquiesced in negligent methods of work.

 b. Vicariously, as follows:

    i. For Defendants' employees, agents and/or attorneys failure to establish and enforce rules regarding the lawful and appropriate methods of debt collection;

    ii. For Defendants' employees, agents and/or attorneys failure to provide adequate job supervision and job training; and

    iii. For Defendants' employees, agents and/or attorneys using improper and unlawful work methods.

35. The acts or omissions of the Defendants was a proximate and direct cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff, GEORGE MOUSA MUFARREH, respectfully requests that this Honorable Court enter judgment against Defendants, TBF FINANCIAL, LLC, CANNON LAW ASSOCIATES, KABBAGE, INC., and CELTIC BANK CORPORATION, jointly and severally, in an amount in excess of $25,000.00 and award costs and attorney fees wrongfully incurred.

### COUNT V – VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT AGAINST ALL DEFENDANTS

36. Plaintiff incorporates by reference paragraphs one through thirty-eight.

37. By engaging in or attempting to engage in the practice of debt collection without adherence to the rules set forth by the Fair Debt Collection Practices Act and the Michigan Collection Practices Act, Defendants have violated the Michigan Consumer Protection Act.

38. Plaintiff is an "affected person" within the meaning of the Michigan Consumer

9

Protection Act.

39. Plaintiff is a person who has suffered a loss within the meaning of the Michigan Consumer Protection Act.

40. Defendants are engaged in "trade or commerce" within the meaning of the Michigan Consumer Protection Act.

41. Defendants, by representing that they were fully compliant with the provisions of the Fair Debt Collection Practices Act and the Michigan Collection Practices Act have violated the Michigan Consumer Protection Act.

42. Unless restrained by the Court, Defendants will continue to violate the Michigan Consumer Protection Act.

WHEREFORE, Plaintiff, GEORGE MOUSA MUFARREH, respectfully requests that this Honorable Court enter judgment against Defendants, TBF FINANCIAL, LLC, CANNON LAW, PLC, KABBAGE, INC., and CELTIC BANK CORPORATION, jointly and severally, as follows:

a. That this Court enter an order forbidding Defendants from engaging in or offering to engage in any debt collection activity with respect to Plaintiff, for which adherence to the Fair Debt Collection Practices Act and the Michigan Collection Practices Act, is required.

b. That this Court enter an order commanding Defendants to take whatever corrective action this Court deems just in order to counter the existing legal actions against Plaintiff by Defendants.

c. That the Court award Plaintiff actual costs and attorney fees.

d. A monetary judgment in an amount in excess of $25,000.00 together with interest, costs, and reasonable attorney fees.

Dated: February 21, 2017

Respectfully Submitted,
THE RUBINSTEIN LAW FIRM

By: /s/ _____
Jan Jeffrey Rubinstein (P57937)
Attorney for Plaintiff
30150 Telegraph Rd., Ste. 444
Bingham Farms, MI 48025
(248) 220-1415

## JURY DEMAND

Plaintiff, GEORGE MOUSA MUFARREH, hereby demands a jury trial.

Dated: February 21, 2017

Respectfully Submitted,
THE RUBINSTEIN LAW FIRM

By: /s/_____
Jan Jeffrey Rubinstein (P57937)
Attorney for Plaintiff
30150 Telegraph Rd., Ste. 444
Bingham Farms, MI 48025
(248) 220-1415